UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

        Plaintiff,

v.

GALLAGHER BASSETT
SERVICES,

        Defendant.
_____/

Case No. 2:17-cv-10084
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION THAT THE COURT DISMISS THIS MATTER FOR WITHOUT PREJUDICE FOR WANT OF SUBJECT MATTER JURISDICTION

**I.    RECOMMENDATION:**

The Court should dismiss Plaintiff's January 26, 2017 Amended Complaint (DE 6) without prejudice in accordance with Federal Rule of Civil Procedure 41(b), E.D. Mich. LR 41.2, and 28 U.S.C. § 1915(e).

**II.    REPORT:**

    **A.** *Background and Pleadings*

Plaintiff Mark Colston, who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on January 11, 2017. (DE 1 and 2.) The Court struck the complaint because it did not comply with Local Rule 5.1(a)(3). (DE 4.) Plaintiff filed his amended complaint on

January 26, 2017 (DE 6), and the Court granted his application to proceed *in forma pauperis* on February 9, 2017. (DE 7.) For the purposes of this report, I will accept the allegations in Plaintiff's amended complaint as true.

Plaintiff was hired by Boston Market Corporation ("Boston Market") in October 2013 to work as a dishwasher. The Boston Market location was robbed at gunpoint on two occasions while Plaintiff was at work: once in October 2014, and again on August 15, 2016. (DE 6 at 2-3.) During the August 15, 2016 robbery, Plaintiff was pushed by a fellow employee when attempting to escape out the back door. After he was able to stand up and begin running away again, he saw the robber with a gun in his hand. He ultimately escaped to a nearby drug store and someone was able to call for help. (*Id.* at 3.)

One day later, Plaintiff sent a letter to Boston Market asking for immediate medical attention due to emotional and physical injuries. (DE 6 at 4.) He continued to seek help from Boston Market until he was contacted by Sarah Prinzi, the Director of Risk Management and Loss Prevention for Boston Market, on December 21, 2016. Ms. Prinzi informed him that Boston Market would pay for his medical treatment and indicated that "the workman[s'] compensation adjuster would be responsible for paying all his medical bills." (*Id.* at 5.) Plaintiff spoke with Dolores Graham, a Resolution Associate with Defendant Gallagher Basset

Services, on December 23, 2016, and she informed Plaintiff that his claim that he had been injured as a result of the robbery was being disputed. (*Id*. at 4-5.)

On or around January 4, 2017, Ms. Graham asked Plaintiff if he had received information regarding the processing of his worker's compensation claim. Plaintiff responded that he had not, but that he was scheduled to have an appointment with a specialist, Dr. Kornblum, on January 10, 2017, and that this doctor needed to confirm billing information. On January 5, 2017, Dr. Kornblum's secretary contacted Plaintiff to inform him his appointment had been cancelled. (*Id*. at 6.) Plaintiff contacted Ms. Prinzi and Ms. Graham about the cancellation, but they continued to deny Plaintiff medical treatment.

Plaintiff does not specify his claims related to these incidents, but asks the Court to order Defendant to pay for his medical treatment, in addition to compensatory and punitive damages of $15 million. (DE 6 at 10.)

**B.** *Show Cause Order*

On August 19, 2017, this Court entered an "Order for Plaintiff to Show Cause as to Why this Case Should not be Dismissed Without Prejudice for Want of Subject Matter Jurisdiction." (DE 14.) In that Order, the Court noted that Plaintiff has filed three complaints in this district. In case number 2:17-cv-10076 (the "prior complaint"), the Undersigned has entered a Report and Recommendation to dismiss the case without prejudice for want of subject matter jurisdiction because

3

Plaintiff's claims against his employer, Boston Market Corporation, are barred by the exclusive remedy provision of the Michigan Worker's Disability Compensation Act ("MWDCA"). Mich. Comp. Laws § 418.131(1). The Court explained in the Order to Show Cause that the instant complaint alleges the same set of facts as the prior complaint, and seeks damages from the worker's compensation adjuster in this case for failure to pay for his medical claims. The Court further noted that the instant complaint is also jurisdictionally deficient. Likewise, the Court has raised this issue and explained the workers' compensation exclusive remedy provision to Plaintiff from the bench in one of more of his pending cases, inviting him to consider whether he should voluntarily dismiss such claims and file them elsewhere. Consistent with this, Plaintiff was ordered to show cause in writing by September 11, 2017 why his complaint should not be dismissed for lack of subject matter jurisdiction. The show cause order further expressly provided that "[f]ailure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b), E.D. Mich. LR 41.2, and 28 U.S.C. § 1915(e)." To date, Plaintiff has not filed a response to the Court's Order to Show Cause.

**C.** *Discussion*

4

Federal Rule of Civil Procedure 41(b)[1] and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[1] As the rule governing dismissal of actions provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Consideration of these factors weighs in favor of dismissal. Upon review of Plaintiff's Amended Complaint, I entered an order requiring him to show cause in writing "no later than September 11, 2017," as to "why his complaint should not be dismissed for lack of subject matter jurisdiction[,]" and cautioning him that a "[f]ailure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b), E.D. Mich. LR 41.2, and 28 U.S.C. § 1915(e)." I explained that the instant complaint, which alleges the same set of facts as Plaintiff's prior complaint in 2:17-cv-10076, and seeks damages from the worker's compensation adjuster for failure to pay his medical claims, appears to be jurisdictionally deficient for the same reasons his prior complaint was found to be jurisdictionally deficient.[2] (DE 14.) To date, Plaintiff has not filed a written response to the show

---

[2] As explained in my Report and Recommendation in case number 2:17-cv-10076, the Court lacks subject matter jurisdiction over Plaintiff's claims in that case because the right to recover worker's compensation disability benefits under the MWDCA provides an employee's exclusive remedy against the employer for personal injury. Mich. Comp. Laws § 418.131(1). Under this provision of the

6

cause order. In sum, "less drastic sanctions" would have been considered if Plaintiff had convinced the Court that it should discharge his obligations under the August 18, 2017 show cause order. At the same time, the August 18, 2017 show cause order warned Plaintiff that "failure to comply with this Order" could lead to "dismiss[al] without prejudice."

Moreover, the Court has reason to believe that Plaintiff's "failure is due to willfulness, bad faith, or fault[.]" This Court's docket does not indicate that any of the Court's efforts to serve Plaintiff with its order have been returned as undeliverable. Rather, Plaintiff's lack of response to the show cause order indicates that he too is aware of the jurisdictional deficiency of the Amended Complaint, as he well should be from the Court's prior queries and warnings from the bench. Therefore, the Court is left to conclude that Plaintiff has abandoned and/or no longer wishes to prosecute this case.

Accordingly, based upon Plaintiff's failure to allege facts establishing subject matter jurisdiction and his failure to respond to the Court's order to show

---

MWDCA, "'employer' includes the employer's insurer and a service agent to a self-insured employer insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing worker's compensation insurance or incident to a self-insured employer's liability servicing contract." *Id.* § 418.131(2). As a result, "a trial court cannot have subject matter jurisdiction until the Workers' Compensation Bureau has determined whether there is a work-related injury" and the Bureau has "sole jurisdiction . . . to determine whether or not any remedy is available." *Mack v. Strategic Materials, Inc.*, 270 F. Supp. 2d 934, 939 (E.D. Mich. 2003). Therefore, Plaintiff's claims against Defendant in this case would be similarly barred by the exclusive remedy provision of the MWDCA.

7

cause, I recommend that this case be dismissed without prejudice to refiling in the appropriate jurisdiction.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 26, 2017
        s/Anthony P. Patti
        Anthony P. Patti
        UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 26, 2017, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti